**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| PEDRO BALTAZAR, JR., | ) | NO. CV 16-8132-E |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| NANCY A. BERRYHILL, Acting | ) | **AND ORDER OF REMAND** |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied, and this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

Plaintiff filed a Complaint on November 1, 2016, seeking review of the Commissioner's denial of benefits. The parties filed a consent to proceed before a United States Magistrate Judge on December 2, 2016.

Plaintiff filed a motion for summary judgment on April 7, 2017. Defendant filed a motion for summary judgment on May 8, 2017. The Court has taken both motions under submission without oral argument. See L.R. 7-15; "Order," filed November 7, 2016.

**BACKGROUND**

On May 13, 2010, Plaintiff applied for disability insurance benefits and supplemental security income, alleging disability beginning January 14, 2005 (Administrative Record ("A.R.") 152-62). Plaintiff presented, among other evidence, a July 24, 2006 report authored by his treating orthopedist, Dr. Michael P. Rubinstein (A.R. 441-44). Dr. Rubinstein opined, inter alia, that Plaintiff's orthopedic impairments restricted Plaintiff to work that would not require the lifting of more than 15 pounds (A.R. 443).

On September 7, 2012, an Administrative Law Judge ("ALJ") rejected Dr. Rubinstein's opinion regarding Plaintiff's lifting restriction (A.R. 26-27). The ALJ stated as reasons for this rejection the fact that Dr. Rubinstein's report had been "created for workers' compensation purposes" and the fact that Dr. Concepcion Enriquez, a non-treating physician, subsequently opined Plaintiff could perform "light exertional work," i.e. work requiring the lifting of 20 pounds[1] (A.R. 26-27). The ALJ identified certain light work jobs Plaintiff assertedly could perform, and, on that basis, denied disability benefits (A.R. 28-30). On April 3, 2014, the Appeals

_____

[1]    See 20 C.F.R. § 404.1567(b).

Council denied review (A.R. 1-3).

On January 21, 2015, this Court reversed and remanded for further administrative proceedings (A.R. 797-807).[2]  The Court held that the ALJ erred in connection with the ALJ's consideration of Dr. Rubinstein's opinion, stating:

> The law is well established in this Circuit that a treating physician's opinions are entitled to special weight because a treating physician is employed to cure and has a greater opportunity to know and observe the patient as an individual.  See McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989).  "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability."  Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989).  The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record.  See 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).  If the treating physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and convincing" reasons.  See Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996); Baxter v. Sullivan, 923 F.2d 1391, 1396 (9th Cir. 1991).  Where, as here, the treating physician's opinion is controverted, it may be rejected only if the ALJ makes findings setting forth

---

[2]     The Honorable Robert N. Block, the judge who made this decision, has since retired.

specific and legitimate reasons that are based on the
substantial evidence of record.  See, e.g., Reddick v.
Chater, 157 F.3d 715, 725 (9th Cir. 1998) ("A treating
physician's opinion on disability, even if controverted, can
be rejected only with specific and legitimate reasons
supported by substantial evidence in the record.");
Magallanes, 881 F.2d at 751; Winans v. Bowen, 853 F.2d 643,
647 (9th Cir. 1987).

In July 2006, five months after he had performed
surgery on plaintiff's right shoulder, Dr. Rubinstein issued
an opinion about plaintiff's post-surgical functional
abilities.  (See AR 441-44.)  Dr. Rubinstein opined that
plaintiff's condition was "permanent and stationary" (i.e.,
that plaintiff had reached maximum medical improvement).
(See AR 441.)  Dr. Rubinstein also opined that plaintiff
should be precluded from overhead work; constant repetitive
use of the right arm; and lifting, pulling, or pushing more
than 15 pounds.  (See AR 443.)

The ALJ declined to credit Dr. Rubinstein's opinion for
two reasons.  One of the reasons proffered by the ALJ was
that Dr. Rubinstein's opinion was created for worker's
compensation purposes and "therefore was not specifically
referring to the kinds of limitations to be considered when
assessing disability under the Social Security laws and
regulations."  (See AR 26.)  However, it is well-settled
that an ALJ must properly consider every medical opinion,

4

without regard to its source or its criteria for disability. See Macri v. Chater, 93 F.3d 540, 543-44 (9th Cir. 1996); Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 576 (9th Cir 1988); Booth v. Barnhart, 181 F. Supp. 2d 1099, 1105 (C.D. Cal. 2002) ("[T]he ALJ may not disregard a physician's opinion simply because it was initially elicited in a state workers' compensation proceeding, or because it is couched in the terminology used in such proceedings."); 20 C.F.R. §§ 416.927(c) and 404.1527(c) ("Regardless of its source, we will evaluate every medical opinion we receive."); see generally McLeod v. Astrue, 640 F.3d 881, 886 (9th Cir. 2011) (ALJ was required to consider VA rating of disability even though the VA and SSA criteria for determining disability are not identical). Morever, the Court fails to see how the types of general and widely-understood limitations recommended by Dr. Rubinstein – in overhead work; repetitive use of the arm; and lifting, pulling, or pushing – could have any special meaning that would not apply to the Social Security context. Accordingly, the Court finds that this was not a legally sufficient reason on which the ALJ could properly rely to reject Dr. Rubinstein's opinion.

The other reason proffered by the ALJ for rejecting Dr. Rubinstein's opinion was that, although Dr. Rubinstein's July 2006 opinion may have been reasonable for the period shortly after plaintiff's surgery, more recent evidence showed that plaintiff had a greater residual functional

capacity.  (See AR 26.)  Specifically, the ALJ noted the
more recent opinion of Dr. Enriquez, an examining physician
who opined in April 2011 that plaintiff could perform the
equivalent of light work.  (See AR 26; see also AR 676-80.)
The Court is mindful of authority that, as a general matter,
a more recent medical opinion may have more probative value
than an older opinion about a claimant's abilities.  See,
e.g., Young v. Heckler, 803 F.2d 963, 968 (9th Cir. 1986);
Stone v. Heckler, 761 F.2d 530, 532 (9th Cir. 1985); see
also Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992).
However, this authority is applicable only if the record
reflects that the claimant's condition had changed in the
period between the two opinions.  See Stone, 761 F.2d at 532
(finding that the most recent medical opinion was the most
probative because the claimant's condition "was
progressively deteriorating"); cf. Young, 803 F.2d at 968
(declining to afford greater weight to more recent medical
report when "it is far from clear that [claimant's]
condition was progressively deteriorating").  Here, the
record is far from clear that plaintiff's shoulder condition
improved after Dr. Rubinstein had issued his opinion so as
to justify according greater weight to the more recent
opinion of Dr. Enriquez.  Indeed, the record contains almost
no evidence about plaintiff's shoulder condition between the

///
///
///
///

two opinions.[3]

Instead, the record appears to reflect only the presence of a conflict between the opinions of Dr. Rubinstein and Dr. Enriquez, which was merely determinative of the standard to be applied to the ALJ's proffered reasons for not crediting the opinion of Dr. Rubinstein, and was not a legally sufficient reason in itself. See Lester, 81 F.3d at 830 (in event of conflict in the medical opinion evidence, an ALJ still must provide legally sufficient reasons to reject a treating or examining physician's opinion); see also Widmark v. Barnhart, 454 F.3d 1063, 1066-67 and n.2 (9th Cir. 2006) (existence of a conflict among the medical opinions by itself cannot constitute substantial evidence for rejecting a treating physician's opinion).

In sum, the Court finds that reversal is warranted based on the ALJ's failure to properly consider the treating

_____

[3] Although the Commissioner cites Carmickle v. Commissioner, Social Sec. Admin., 533 F.3d 1155, 1165 (9th Cir. 2008), for the proposition that medical opinions pre-dating the alleged disability period are of limited value (see Jt. Stip at 16), the Court finds that authority distinguishable. In Carmickle, the ALJ found that a medical opinion pre-dating the alleged disability period had limited probative value because the opinion was issued before the claimant's accident and during a time when claimant was working at two jobs. See id. at 1158, 1165. Here, by way of contrast, Dr. Rubinstein's opinion was issued after plaintiff's accident and during a time when plaintiff was no longer performing his past relevant work or any other substantial gainful activity.

1   physician's opinion.

2

3   (A.R. 800-803).  The Court remanded the matter for further

4   administrative proceedings (A.R. 805-07).

5

6       On August 30, 2016, the ALJ issued another decision (A.R. 696-

7   705).  Again, the ALJ rejected Dr. Rubinstein's opinion that Plaintiff

8   is restricted to lifting no more than 15 pounds (A.R. 700, 702-03).

9   Again, the ALJ stated that Dr. Rubinstein had rendered the opinion "in

10  connection with the claimant's Workers' Compensation claim" (A.R.

11  702).  Again, the ALJ gave "great weight" to the contrary opinion of

12  Dr. Enriquez (A.R. 702-03).  The ALJ also stated:

13

14      While the undersigned recognize [sic] claimant is limited in

15      his capacity to lift, carry, push, and pull, physical

16      examination was remarkable for only 20 percent reduction of

17      range of motion and fully healed medical malleolar fracture

18      (Exhibit 6F-17).  Despite Dr. Rubinstein's limitation in 15

19      pounds weight limit, the claimant is disabled only 16% in

20      Workers' Compensation claim, which has different rules and

21      guidelines.  Therefore, the opinions of Dr. Rubinstein are

22      given partial weight (702).

23

24      Again, the ALJ found Plaintiff could perform light work

25  throughout the period of alleged disability (A.R. 700).  However,

26  based on an application of the Medical Vocational Guidelines ("the

27  Grids"), the ALJ found Plaintiff disabled beginning on January 19,

28  2014 (the day before Plaintiff's 55th birthday) (A.R. 704-05 (applying

Grids Rule 202.02)).  The ALJ found Plaintiff not disabled prior to January 19, 2014 (A.R. 705).  If Plaintiff were limited to sedentary work rather than light work, the Grids would conclusively presume Plaintiff disabled on January 20, 2009 (his 50th birthday).  <u>See</u> Grids Rule 201.10.

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards.  <u>See</u> <u>Carmickle v. Commissioner</u>, 533 F.3d at 1159; <u>Hoopai v. Astrue</u>, 499 F.3d 1071, 1074 (9th Cir. 2007); <u>see also</u> <u>Brewes v. Commissioner</u>, 682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (citation and quotations omitted); <u>see also</u> <u>Widmark v. Barnhart</u>, 454 F.3d at 1066.

If the evidence can support either outcome, the court may
not substitute its judgment for that of the ALJ.  But the
Commissioner's decision cannot be affirmed simply by
isolating a specific quantum of supporting evidence.
Rather, a court must consider the record as a whole,
weighing both evidence that supports and evidence that
detracts from the [administrative] conclusion.

///

///

Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citations and quotations omitted).

**DISCUSSION**

**I.    The ALJ Again Failed to State Legally Sufficient Reasons for Rejecting the Opinion of Dr. Rubinstein.**

The ALJ must "consider" and "evaluate" every medical opinion of record.  20 C.F.R. § 404.1527(b) and (c).  In this consideration and evaluation, an ALJ "cannot reject [medical] evidence for no reason or the wrong reason."  Cotter v. Harris, 642 F.2d 700, 706-07 (3d Cir. 1981); see Day v. Weinberger, 522 F.2d 1154, 1156 (9th Cir. 1975) (ALJ may not make his or her own lay medical assessment).

As this Court's 2015 remand order advised, under the law of the Ninth Circuit the opinions of treating physicians command particular respect.  "As a general rule, more weight should be given to the opinion of the treating source than to the opinion of doctors who do not treat the claimant. . . ."  Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995) (citations omitted).  A treating physician's conclusions "must be given substantial weight."  Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988); see Rodriguez v. Bowen, 876 F.2d 759, 762 (9th Cir. 1989) ("the ALJ must give sufficient weight to the subjective aspects of a doctor's opinion. . . .  This is especially true when the opinion is that of a treating physician") (citation omitted); see also Orn v. Astrue, 495 F.3d 625, 631-33 (9th Cir. 2007) (discussing deference owed to treating physicians' opinions).  Even

where the treating physician's opinions are contradicted,[4] "if the ALJ
wishes to disregard the opinion[s] of the treating physician he . . .
must make findings setting forth specific, legitimate reasons for
doing so that are based on substantial evidence in the record."
Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987) (citation,
quotations and brackets omitted); see Rodriguez v. Bowen, 876 F.2d at
762 ("The ALJ may disregard the treating physician's opinion, but only
by setting forth specific, legitimate reasons for doing so, and this
decision must itself be based on substantial evidence") (citation and
quotations omitted).  These reasons must be stated in the ALJ's
decision itself; the Court "cannot affirm the decision of an agency on
a ground that the agency did not invoke in making its decision."
Pinto v. Massanari, 249 F.3d 840, 847 (9th Cir. 2001).

        In the second administrative decision, the ALJ again erred by
relying on illegitimate reasoning to reject the opinion of Plaintiff's
treating physician.  Again, the ALJ appeared to discount Dr.
Rubinstein's opinion because of the Workers' Compensation context in
which Dr. Rubinstein rendered the opinion.  As the Court previously
advised, the purpose for which a medical opinion is obtained "does not
provide a legitimate basis for rejecting it."  Reddick v. Chater, 157
F.3d 715, 726 (9th Cir. 1998); see Nash v. Colvin, 2016 WL 67677, at
*7 (E.D. Cal. Jan. 5, 2016) ("the ALJ may not disregard a physician's
medical opinion simply because it was initially elicited in a state

---

        [4]     Rejection of an uncontradicted opinion of a treating
physician requires a statement of "clear and convincing" reasons.
Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Gallant v.
Heckler, 753 F.2d 1450, 1454 (9th Cir. 1984).

workers' compensation proceeding . . .") (citations and quotations
omitted); <u>Casillas v. Colvin</u>, 2015 WL 6553414, at *3 (C.D. Cal.
Oct. 29, 2015) (same); <u>Franco v. Astrue</u>, 2012 WL 3638609, at *10 (C.D.
Cal. Aug. 23, 2012) (same); <u>Booth v. Barnhart</u>, 181 F. Supp. 2d 1099,
1105 (C.D. Cal. 2002) (same).  An ALJ sometimes must translate
workers' compensation terminology into social security parlance.
However, as the Court previously advised, no translation of the
opinion here in question was necessary.  A restriction to work
involving the lifting of no more than 15 pounds needs no translation
to be understandable in the social security context.

     The ALJ's repeated preference for the 20 pound lifting
restriction suggested by Dr. Enriquez cannot constitute a "specific,
legitimate" reason for rejecting the opinion of Dr. Rubinstein.  As
the Court previously advised, the contradiction of a treating
physician's opinion by another physician's opinion triggers rather
than satisfies the requirement of stating "specific, legitimate
reasons."  <u>See, e.g.</u>, <u>Valentine v. Commissioner</u>, 574 F.3d 685, 692
(9th Cir. 2007); <u>Orn v. Astrue</u>, 495 F.3d at 631-33; <u>Lester v. Chater</u>,
81 F.3d at 830-31.

     Defendant now appears to argue that the ALJ was privileged to
reject the opinion of Dr. Rubinstein because "a finding of disability
is a determination reserved to the Commissioner" (Defendant's Motion
at 2).  Acknowledgment of this reservation provides no specific or
legitimate explanation why the ALJ rejected the opinion of Dr.
Rubinstein.  Even though the issue of disability is "reserved to the
Commissioner," the ALJ still must set forth specific, legitimate

reasons for rejecting a treating physician's opinion that a claimant
is disabled.  See Rodriguez v. Bowen, 876 F.2d at 762 n.7 ("We do not
draw a distinction between a medical opinion as to a physical
condition and a medical opinion on the ultimate issue of
disability."); see also Social Security Ruling 96-5p[5] ("adjudicators
must always carefully consider medical source opinions about any
issue, including opinions about issues that are reserved to the
Commissioner").

Defendant also appears to argue that Dr. Rubinstein's 15 pound
lifting restriction was inconsistent with "clinical findings."  A true
inconsistency between a treating physician's opinion and clinical
findings can constitute a specific, legitimate reason for rejecting
the opinion.  See, e.g., Weetman v. Sullivan, 877 F.2d 20, 23 (9th
Cir. 1989).  In the present case, however, the stated reasoning of the
ALJ failed to demonstrate any inconsistency between Dr. Rubinstein's
15 pound lifting restriction and any clinical findings.  To the extent
the ALJ purported to divine a 20 pound lifting restriction from the
particulars of Dr. Rubinstein's examination of Plaintiff, or from Dr.
Rubinstein's 16 percent workers' compensation disability rating, the
ALJ improperly substituted her own lay assessment for expert medical
opinion.  See Day v. Weinberger, 522 F.2d at 1156.  Neither the ALJ
nor this Court properly may conclude that Dr. Rubinstein's clinical
findings were inconsistent with a 15 pound lifting restriction (or
consistent only with a 20 pound lifting restriction).  We simply lack

---

[5]    Social Security rulings are binding on the
Administration.  See Terry v. Sullivan, 903 F.2d 1273, 1275 n.1
(9th Cir. 1990).

the requisite medical expertise so to conclude.

Accordingly, the ALJ again erred by rejecting the opinion of the treating physician without stating legally sufficient reasons for doing so.

## II.   **The Court is Unable to Determine that the ALJ's Error was Harmless.**

An error "is harmless where it is inconsequential to the ultimate non-disability determination." <u>Molina v. Astrue</u>, 674 F.3d 1104, 1115 (9th Cir. 2012) (citations and quotations omitted); <u>see McLeod v. Astrue</u>, 640 F.3d 881, 887 (9th Cir. 2011) (error not harmless where "the reviewing court can determine from the 'circumstances of the case' that further administrative review is needed to determine whether there was prejudice from the error").

The ALJ's error may have prejudiced Plaintiff.  The ALJ relied on a light work exertional capacity in deciding Plaintiff was not disabled prior to January 19, 2014 (A.R. 700-05).  A less than light work exertional capacity might well alter the ALJ's conclusion.  The vocational expert (on whose testimony the ALJ relied) did not identify any jobs performable by a person restricted to the lifting of no more than 15 pounds (A.R. 848-51).

///

///

///

///

**III. <u>A Remand with a Directive for the Immediate Payment of Benefits</u>**
     **<u>Would not be an Appropriate Remedy in the Present Case.</u>**

The "extreme remedy" of a "remand for an immediate award of benefits is appropriate . . . only in rare circumstances."  <u>Brown-Hunter v. Colvin</u>, 806 F.3d 487, 495 (9th Cir. 2015) (citations and quotations omitted); <u>see</u> <u>INS v. Ventura</u>, 537 U.S. 12, 16 (2002) (remand without a directive for an immediate award of benefits is "the proper course, except in rare circumstances.").  In the Ninth Circuit, a remand for an immediate award of benefits properly may occur only where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the properly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

<u>Garrison v. Colvin</u>, 759 F.3d 995, 1020 (9th Cir. 2014); <u>see</u> <u>Dominguez v. Colvin</u>, 808 F.3d 403, 407 (9th Cir. 2016) (district court should examine whether the record "is fully developed, is free from conflicts and ambiguities, and all essential factual issues have been resolved . . . .  Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits") (citations and quotations omitted); <u>Harman v. Apfel</u>, 211 F.3d 1172, 1178 (9th Cir.),

cert. denied, 531 U.S. 1038 (2000) (district court may not properly direct an immediate award of benefits unless, among other things, "there are no outstanding issues that must be resolved before a determination of disability can be made, and . . . it is clear from the record that the ALJ would be required to find the claimant disabled" if the improperly rejected evidence were credited) (citations and quotations omitted).[6]

In the present case, it is not clear that the ALJ would be required to find Plaintiff disabled prior to January 19, 2014, even if Dr. Rubinstein's opinion were credited. The Grids would conclusively presume disability as of Plaintiff's 50th birthday (January 20, 2009) if Plaintiff were limited to a sedentary exertional capacity. However, a 15 pound lifting capacity exceeds a sedentary lifting capacity. See 20 C.F.R. § 404.1567(a) ("Sedentary work involves lifting no more than 10 pounds at a time . . ."). Contrary to Plaintiff's argument, SSR 83-12 does not require application of the sedentary level Grid where a claimant's exertional capacity falls between light and sedentary. See, e.g. Moore v. Apfel, 216 F.3d 864, 870-71 (9th Cir. 2000); Walker v. Apfel, 197 F.3d 956, 958 (8th Cir. 1999); Stone v. Colvin, 2015 WL 1433469, at *8-11 (E.D. Mo. March 27, 2015); Warren v. Astrue, 2011 WL 3444268, at *2-3 (E.D. Tex. Aug. 5, 2011); but see Strong v. Apfel, 122 F. Supp. 2d 1025, 1029-31 (S.D.

---

[6]     Even when these standards are met, the district court retains "some flexibility" to refuse to remand for an immediate award of benefits. See Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003); see also Garrison v. Colvin, 759 F.3d at 1021-22 (perhaps limiting this "flexibility" to circumstances where "an evaluation of the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled").

Iowa 2000) (remanding for immediate payment of payments based on the sedentary level Grid where the claimant had a 15 pound lifting capacity). Indeed, SSR 83-12 suggests that the further assistance of a vocational specialist ("VS") would be required in the present case:

> In situations where the rules would direct different conclusions, and the individual's exertional limitations are somewhere "in the middle" in terms of the regulatory criteria for exertional ranges of work, more difficult judgments are involved as to the sufficiency of the remaining occupational base to support a conclusion as to disability. Accordingly, VS assistance is advisable for these types of cases. SSR 83-12, 1983 WL 31253, at *2-3.

In any event, even if Plaintiff were deemed disabled on January 20, 2009, his entitlement to benefits for the period January 14, 2005, through January 19, 2009, would still be in doubt.

For the above reasons, the Court will not direct the immediate payment of benefits for the period preceding January 19, 2014.

///
///
///
///
///
///
///
///

1 **IV.** **Although the Court Previously Remanded for Further Administrative**

2     **Proceedings on an "Open Record,"[7] the Court Need not Do So Again.**

3     **Rather, the Court Will Remand for Further Administrative**

4     **Proceedings in Which Dr. Rubinstein's Opinion Regarding a 15**

5     **Pound Lifting Restriction Will be Credited as True.**

6

7         When an ALJ fails to state legally sufficient reasons for

8 rejecting the testimony of a claimant or the opinion of the treating

9 physician, and where outstanding issues remain such that a directive

10 for the payment of benefits would be inappropriate, courts within the

11 Ninth Circuit usually remand on an "open record," <u>i.e.</u> without placing

12 any limitation on the scope of the further administrative proceedings.

13 <u>See, e.g.</u> Such was the remedy this Court implemented in 2015 when the

14 first administrative decision failed to state legally sufficient

15 reasons for rejecting the opinion of Dr. Rubinstein.  As discussed

16 below, however, implementation of this same remedy for the near-

17 identical error in the second administrative decision would no longer

18 be appropriate.

19

20     In <u>Varney v. Secretary</u>, 859 F.2d 1396, 1401 (9th Cir. 1988), the

21 Ninth Circuit adopted the Eleventh Circuit's rule of crediting as true

22 improperly rejected testimony from a claimant when there are no

23 outstanding issues that must be resolved before a proper disability

24 determination can be made and it is clear from the record that the ALJ

25 would be required to award benefits if the testimony were credited.

26

27         [7]    The previous remand for further administrative
proceedings did not purport to limit the scope of the remand in
28 any way (A.R. 806).

As indicated above, the Ninth Circuit subsequently applied this rule equally to improperly rejected medical opinion. See, e.g. Garrison v. Colvin, 759 F.3d at 1020; Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir.), cert. denied, 531 U.S. 1038 (2000). At the time of Varney, the Eleventh Circuit also credited as true improperly rejected evidence when further administrative proceedings were required before a proper disability determination could be made. See Varney v. Secretary, 859 F.2d at 1398, 1401. The Varney Court stated that "we need not decide on this appeal whether to apply the Eleventh Circuit rule where further proceedings are required for other reasons." Id. at 1401.

Subsequently, some Ninth Circuit cases have credited (or approved the crediting of) improperly rejected evidence while remanding for further administrative proceedings, even when the ultimate issue of entitlement to disability benefits remained in doubt. See, e.g. Cero v. Commissioner, 473 Fed. App'x 536, 537 (9th Cir. 2012) ("Cero"); Vasquez v. Astrue, 572 F.3d 586, 594 (9th Cir. 2009) ("Vasquez"); Hammock v. Bowen, 879 F.2d 498, 503 (9th Cir. 1989) ("Hammock"). The Ninth Circuit ordered such a remedy in Hammock "because the delay experienced by Hammock has been severe and because of Hammock's advanced age." Hammock, 879 F.2d at 503. Similarly, in Vasquez, the Ninth Circuit observed: (1) the claimant was 58 years old; (2) "the purpose of the credit-as-true rule is to discourage ALJs from reaching a conclusion about a claimant's status first, and then attempting to justify it by ignoring any evidence in the record that suggests an opposite result"; and (3) a "credit-as-true rule" "helps prevent unnecessary duplication in the administrative process." Vasquez, 879 F.2d at 594. In Cero, an unpublished decision, the Ninth Circuit

"remanded to the ALJ with instructions to fully credit the opinions of [the treating physicians]" where further proceedings were necessary to determine whether the claimant was disabled during the relevant time period.  See Cero, 473 Fed. App'x at 537-38.

In the present case, the factors identified in Hammock and Vasquez argue for a similar remedy.  Plaintiff currently is 58 years old.  Plaintiff filed his claims for benefits over seven years ago. This Court previously remanded the case for further administrative proceedings after the ALJ failed to state specific, legitimate reasons for rejecting the opinion of Dr. Rubinstein.  At that time, the Court cited the appropriate Ninth Circuit authorities regarding this issue. Now, for a second time, the ALJ has failed to apply these authorities properly, repeating essentially the same error of law that necessitated the previous remand.  The Court should not be required to provide a third opportunity for proper administrative application of these authorities.  See Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004) ("Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication. . . .") (citations and quotations omitted); see also Garrison v. Colvin, 759 F.3d at 1019 (a "credit-as-true rule is designed to achieve fairness and efficiency"); Brown v. Bowen, 682 F. Supp. 858, 862 (W.D. Va. 1988) (rejecting argument that the court should give the Administration a third opportunity correctly to resolve a particular issue in the disability analysis).

Accordingly, on remand the Administration shall credit as true Dr. Rubinstein's opinion regarding Plaintiff's lifting capacity and

shall conduct further proceedings to determine whether Plaintiff is entitled to benefits prior to January 19, 2014.  See McNeill v. Colvin, 2013 WL 645719, at *8 (C.D. Cal. 2013) (crediting treating physicians' opinions as true and remanding for further administrative proceedings rather than giving the Administration a third opportunity to provide legally sufficient reasons for rejecting a treating physicians' opinions); Smith v. Astrue, 2011 WL 3962107, at *8 (C.D. Cal. Sept. 8, 2011) (same); Toland v. Astrue, 2011 WL 662336, at *8 (C.D. Cal. Feb. 14, 2011) (same).

In selecting this remedy, the Court is mindful of a district court's lack of authority to order the payment of benefits in the absence of a disability.  See Strauss v. Commissioner, 635 F.3d 1135, 1136, 1138 (9th Cir. 2011) ("a claimant is not entitled to benefits under the statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be").  The Court is also mindful of language in some Ninth Circuit decisions that might be read as precluding the crediting of improperly rejected evidence where, as here, there exists a need for further administrative proceedings.  For example, in Dominguez v. Colvin, 808 F.3d 403, 409 (9th Cir. 2016) ("Dominguez"), the Ninth Circuit stated:

> The district court must "assess whether there are
> outstanding issues requiring resolution *before* considering
> whether to hold that the claimant's testimony is credible as
> a matter of law."  Treichler [v. Commissioner,] 775 F.3d
> [1090] at 1105 [9th Cir. 2014] [("Treichler")].  If such
> outstanding issues do exist, the district court cannot deem

the erroneously disregarded testimony to be true; rather,
the court must remand for further proceedings.

_Dominguez_, 808 F.3d at 409.  Similarly, dicta in a recent Ninth
Circuit case states that, when an ALJ does not give specific,
legitimate reasons for rejecting a treating physician's opinion, the
district court "can reverse and remand for an award of benefits . . .
[or] [a]lternatively, the district court can remand on an open record
for further proceedings." _Gardner v. Berryhill_, 2017 WL 1843742, at
*5 n.3 (9th Cir. May 9, 2017) (citations and quotations omitted)
("_Gardner_").  The _Gardner_ Court did not admit the possibility of a
third alternative.  _See_ _id._

Yet, as previously discussed, Ninth Circuit cases sometimes have
implemented a third alternative, deeming the improperly rejected
evidence to be true while remanding for further proceedings.  _See_
_Cero_; _Vasquez_; _Hammock_.[8]

To the extent there exists a conflict between _Vasquez_, _Hammock_
and the like and _Dominguez_, _Treichler_, _Gardner_ and the like, for the
reasons previously discussed, this Court chooses to follow _Vasquez_ and

_____

[8]     Some Ninth Circuit cases have even appeared to state
that the improperly rejected evidence _must_ be credited as true.
_See, e.g._ _Benecke v. Barnhart_, 379 F.3d at 594; _Lester v. Chater_,
81 F.3d 821, 834 (9th Cir. 1995).  Other Ninth Circuit cases deny
that there is anything mandatory about crediting as true
improperly rejected evidence.  _See, e.g._ _Treichler_, 775 F.3d at
1106.  The Ninth Circuit has sometimes suggested, and sometimes
denied, the existence of an intra-circuit conflict in this
regard.  _Compare_ _Vasquez_, 879 F.2d at 593 _with_ _Garrison v._
_Colvin_, 759 F.3d at 1021 n.27.

Hammock. See Page v. Colvin, 2016 WL 6835075, at *6 (N.D. Cal. Nov. 20, 2016) ("the *Treichler* rule should not be interpreted to require that an ALJ be given a second chance to do what the ALJ should have done correctly in the first place"); see generally Greenhow v. Secretary, 863 F.2d 633, 636 (9th Cir. 1988) (the existence of an intra-circuit conflict leaves the district court to "make the unsatisfactory choice between two opposing lines of authority, neither of which has an unimpaired claim to being the law of the circuit"), overruled in part, United States v. Hardesty, 977 F.2d 1347 (9th Cir. 1992) (en banc), cert. denied, 507 U.S. 978 (1993) (overruling Greenhow to the extent Greenhow held that a Ninth Circuit panel may choose between opposing lines of Ninth Circuit authority without calling for en banc review); see also Agnew-Corrie v. Astrue, 875 F. Supp. 2d 967, 973 (D. Ariz. 2012), aff'd, 579 Fed. App'x 2014 (9th Cir. 2014) ("The Ninth Circuit is split on whether remanding for further vocational expert opinion, using the 'credited' testimony is appropriate."); but see Mangat v. Colvin, 2017 WL 1223881, at *9-10 (S.D. Cal. Feb. 3, 2017) (holding that Dominguez and Treichler preclude the crediting of improperly rejected evidence when further administrative proceedings are required).

To the extent Defendant may contend that the Ninth Circuit's credit-as-true rule (in any of its iterations) usurps the proper fact-finding role of the Administration, Defendant must direct such argument to the Ninth Circuit or to the United States Supreme Court, rather than to this Court. See Garrison v. Colvin, 759 F.3d at 1022 n.25 (challenge to the validity of the Ninth Circuit's credit-as-true rule foreclosed by Ninth Circuit precedents, including Moisa v.

Barnhart, 367 F.3d 882, 886-87 (9th Cir. 2004)); Agnew-Corrie v. Astrue, 875 F. Supp. 2d at 972 ("this District Court is bound by Ninth Circuit precedent, all of which seems to recognize some form of credit-as-true, and cannot simply declare it all overruled").

**CONCLUSION**

For all of the foregoing reasons,[9] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: May 31, 2017.

                                        /s/
                              _____
                              CHARLES F. EICK
                              UNITED STATES MAGISTRATE JUDGE

---

[9]     The Court has not reached any other issue raised by Plaintiff except insofar as to determine that reversal with a directive for the immediate payment of benefits would not be an appropriate remedy at this time.